IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>vs.<br><br>E. URSULA ANDRES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:11-CV-656 TS |

This matter is before the Court on Plaintiff R. Wayne Klein's (the "Receiver") Motion for Summary Judgment.[1] Plaintiff is the receiver of U.S. Ventures LC ("U.S. Ventures"), Winsome Investment Trust ("Winsome"), and the assets of Robert J. Andres and Robert L. Holloway. For the reasons provided more fully below, the Court will grant the Receiver's Motion for Summary Judgment.

---

[1] Docket No 22.

I.  BACKGROUND

This matter arises from Receiver's effort to recover funds on behalf of those defrauded through Ponzi schemes orchestrated by Robert Holloway and Robert Andres.  Mr. Holloway and Mr. Andres used U.S. Ventures and Winsome as fronts to defraud investors of over $88,500,000.00.[2]  The Defendant in this case, E. Ursula Andres, is the wife of Robert Andres.  At issue are $311,075.00 in payments Defendant received from Winsome and its related companies.

Defendant does not dispute that she received the payments.  Rather, Defendant has provided an affidavit in which she states her "belief that [the] transfer of [those] funds may have been related to services rendered by Robert J. Andres for services believed to have been legally earned related to perceived legal business conducted by U.S. Ventures."[3]  Beyond this statement, Defendant does not claim that she provided any service or consideration of reasonably equivalent value in exchange for the transfers.

II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[4]

> The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  If the moving party does not bear the burden of proof at trial on a dispositive issue, that party may make such a showing

---

[2] *Id*. Ex. 1, at 4.

[3] Docket No. 23 Ex. 1, at 1.

[4] Fed. R. Civ. P. 56(a).

simply by indicating to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.[5]

In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

Defendant is proceedings pro se. As such, the Court must construe her pleadings liberally.[8] However, "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[9] "As a result, a pro se [party] must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment."[10] Rule 56 states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

---

[5] *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986)).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation marks and citation omitted).

[9] *Id.* (quotation marks and citation omitted).

[10] *Franke v. AR UP Labs., Inc.*, 390 F. App'x 822, 826 (10th Cir. 2010) (unpublished).

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[11]

### III. DISCUSSION

The Receiver seeks avoidance of the payments made to Defendant under the Uniform Fraudulent Transfers Act ("UFTA") or, in the alternative, for disgorgement of the payments under a theory of unjust enrichment.

Pursuant to the UFTA, a transfer may be avoided if it was made "with actual intent to hinder, delay, or defraud any creditor."[12] However, "[a] transfer or obligation is not voidable . . . against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee."[13] "Good faith and reasonably equivalent value are independent components of this affirmative defense, and the burden is upon the Defendant to establish both the element of good faith and the element of value."[14]

The Receiver argues that the transfers to Defendant were made with actual intent to hinder, delay, or defraud the creditors of Winsome, U.S. Ventures, Mr. Holloway, and Mr. Andres because Winsome was acting as a Ponzi scheme at the time the transfers were made.

---

[11] Fed. R. Civ. P. 56(c)(4).

[12] Utah Code Ann. § 25–6–5(1)(a).

[13] *Id*. § 25–6–9.

[14] *Klein v. King & King Jones, P.C.*, 2013 WL 4498831, at *2 (D. Utah Aug. 19, 2013) (citing *Wing v. Apex Holding Co.*, 2009 WL 2843343, at *5 (D. Utah Aug. 27, 2009)).

"The mere existence of a Ponzi scheme is sufficient to establish an actual intent to defraud."[15] The Receiver has provided two expert witness reports that reach the conclusion that Winsome and U.S. Ventures were Ponzi schemes.

In her opposition, Defendant states that she "does in fact dispute the operation of Winsome as a fraudulent Ponzi scheme." However, Defendant does not provide any evidence supporting such a contention. For this reason, the Court finds that the undisputed evidence in the record demonstrates that Winsome was acting as a Ponzi scheme and, therefore, the transfers made to Defendant were made with actual intent to defraud.

Defendant also appears to argue that summary judgment is not proper because disputed issues of fact exist as to whether Defendant received the transfers at issue in good faith and in exchange for services of a reasonably equivalent value. In her affidavit, Defendant states that it is her "belief that [the] transfer of funds may have been related to services rendered by Robert J. Andres for services believed to have been legally earned related to perceived legal business conducted by U.S. Ventures."[16] Defendant's argument fails for at least two reasons.

First, this and other courts have rejected similar claims that payments made as compensation for drawing in new investors to a Ponzi scheme constitute an exchange of

---

[15]*Id*. (citing *S.E.C. v. Madison Real Estate Grp., L.L.C.*, 647 F. Supp. 2d 1271, 1279 (D. Utah 2009)).

[16]Docket No. 23 Ex. 1, at 1.

reasonably equivalent value.[17] Second, even if the Court were convinced that a question of fact exists as to whether Mr. Andres actions provided reasonably equivalent value to Winsome, Defendant has provided no evidence from which the Court could find that Mr. Andres acted in good faith. For these reasons, the Court finds that Defendant has failed to provide any evidence to support her position that the transfers at issue were made in good faith and for reasonably equivalent value.

Based on the foregoing, the Court will grant summary judgment on the Receiver's UFTA claim. Accordingly, the Court will decline to reach the Receiver's alternative claim for unjust enrichment.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 22) is GRANTED. The Clerk of Court is directed to enter judgment against Defendant and in favor of Plaintiff in the amount of $311,075.00 and to close this case forthwith.

---

[17]*See Wing v. Dockstader*, 482 F. App'x 361, 365–66 (10th Cir. 2012) (rejecting argument that defendant provided company engaged in Ponzi scheme an economic benefit for which he was entitled to retain a 5% referral fee); *Warfield v. Byron*, 436 F.3d 551, 560 (5th Cir. 2006) ("It takes cheek to contend that in exchange for the payments he received, the . . . Ponzi scheme benefited from his efforts to extend the fraud by securing new investments.").

DATED   September 10, 2013.

                                    BY THE COURT:

                                    _____
                                    TED STEWART
                                    United States District Judge